**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MIGUEL MUNIZ-GUTIERREZ,** | ) | |
| ID # 80989-080, | ) | |
|                Movant, | ) | No. 3:15-CV-473-O |
| vs. | ) | No. 3:13-CR-181-O |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|                Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received February 26, 2015 (doc. 2), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Miguel Muniz-Gutierrez (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-181-O.  The respondent is the United States of America (Government).

**A.     Plea and Sentencing**

On May 21, 2013, Movant was charged by indictment with illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a), (b)(2).  (*See* doc. 1.)[1] On September 12, 2013, he pled guilty.  (Docs. 31 at 1; 34 at 12.)

On November 11, 2013, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2012 United States Sentencing Guidelines Manual (USSG).  (*See* doc. 26-1 at 5, ¶ 21.)  It found a base offense level of 8.  (*See id.* at 5, ¶ 22.)  The offense level was increased by 16 levels under USSG § 2L1.2(b)(1)(A)(i) because Movant had

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-217-D.

previously been deported after a felony conviction for unlawful delivery of a controlled substance in Cause No. F04-50747 (a drug trafficking conviction for which the sentence imposed exceeded 13 months and for which he received criminal history points). (*See id*. at 5, ¶ 23.) The offense level was reduced by two levels for acceptance of responsibility, resulting in a total offense level of 22. (*See id*. at 5-6, ¶¶ 29-30.) With a criminal history category of four, the guideline range was 63 months to 78 months of imprisonment. (*See id*. at 12, ¶ 67.)

Prior to sentencing, Movant signed a sentencing agreement in which he waived the right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error, or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (*See* doc. 32.) In exchange, the Government agreed to move for a one-level decrease in his sentencing guideline. (*See id.*)

At the sentencing hearing on January 9, 2014, the Government moved for the one-level reduction, which was granted. (*See* doc. 35 at 4, 6.) The one-level reduction resulted in a guideline range of 57 months to 71 months of imprisonment. (*See* doc. 35 at 6.) Movant received a sentence of 70 months' imprisonment. (*See* doc. 31 at 2.)

**B.**    **Appeal**

On appeal, Movant's *Anders* brief argued that the appellate waiver was unenforceable because the Court did not personally address Movant to determine whether the waiver was knowing and voluntary. *See United States v. Muniz-Gutierrez*, No. 14-10074 (5th Cir.), Appellant's Initial Brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), at 6. In response, Movant argued that his prior conviction that was used for a 16-level increase was not

an aggravated felony and was barred by the statute of limitations. *See id.*, Appellant's *pro se* response to the *Anders* brief, at 1-2. Appellate counsel was ordered to, and did file, a supplemental brief arguing that the prior conviction for delivery of a controlled substance was not an aggravated felony under 8 U.S.C. § 1326(b)(2). *See id.*, Appellant's brief, at 9.

The Government moved to dismiss the appeal based on the appellate waiver, arguing that the fact the Court did not personally admonish Movant about the appellate waiver did not render the waiver involuntary or unknowing. *See id.*, Government's Opposed Motion to Dismiss the Appeal, at 2-6. The Fifth Circuit granted the motion and dismissed the appeal. *See id.* (5th Cir. Jan. 14, 2015).

**C.    Substantive Claims**

Movant raises the following grounds:

(1)  His prior conviction did not qualify for enhancement as an aggravated felony;

(2)  He was punished twice for the prior conviction because of its use under 8 U.S.C. § 1326(b)(2).

(3)  The court did not advise him about the rights he waived in the plea agreement, and he was forced to enter the agreement to obtain a lesser sentence;

(4)  The statute of limitations barred the use of his prior conviction to increase his offense level by 16 levels.

(3:15-CV-473-O, doc. 1 at 4-8.)  The Government filed a response to the § 2255 motion on April 16, 2015. (*Id.*, doc. 5.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.

1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense.  *Willis*, 273 F.3d at 597.

### III.  WAIVER

Movant asserts in this third ground that the Court did not admonish him about the rights he was waiving and that he was forced to accept the sentencing agreement so that the guideline range would be lowered.  He appears to contend that his appellate waiver was involuntary.

The Fifth Circuit's opinion dismissing Movant's appeal did not set forth an analysis of the appellate waiver issue, but by granting the Government's motion to dismiss based on the appellate waiver, it necessarily determined that the appellate waiver was voluntary and knowing. *See United States v. Bond*, 414 F. 3d 542, 544 (5th Cir. 2005) (an appeal is barred by an appellate waiver if the waiver was knowing and voluntary and the waiver applies to the issues raised).  The Fifth Circuit's decision regarding the voluntary and knowing nature of the appellate waiver is binding.  *See United*

*States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (issue raised and disposed of on appeal is not considered in a § 2255 motion).

Moreover, the record shows that the appellate waiver was voluntary and knowing. The sentencing agreement, which included the appellate waiver, was agreed to and signed by Movant. (*See* doc. 29 at 2-3.) It stated:

> [Movant] has read this Sentencing Agreement carefully with his attorney and he fully understands it and voluntarily agrees to it. This agreement is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose. Because [Movant] concedes that he is guilty, and after conferring with his attorney, [Movant] has concluded that it is in his best interest to enter into this agreement and all its terms, rather than to preserve his right to appeal from his conviction and sentence and his right to contest his conviction and sentence in any collateral proceeding, as specified above.

(*See id*. at 2.)

At sentencing, the Court asked counsel if Movant knowingly and voluntarily made the waiver. Counsel explained:

> We went over it. We discussed it on Tuesday thoroughly and then we went over it again this morning. [Movant] understand that he will be waiving his rights to appeal and conduct (sic) his sentencing either in a direct appeal or under any collateral proceeding such as habeas corpus and in exchange for that he – me and the Government would move for a third level reduction for acceptance of responsibility.

(*See* doc. 35 at 5-6.)

The appellate waiver was included in a sentencing agreement, rather than in a plea agreement. The requirement of Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure, that the Court address the defendant personally in open court and discuss the appeal waiver, is inapplicable to an appellate waiver in a sentencing agreement. *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (Rule 11(b)(1)(N) does not apply to an appellate waiver in a sentencing agreement); *see also United States v. Cheney*, 571 F.3d 764, 767 & n.4 (8th Cir. 2009)

(post-plea appeal waiver was valid even though the district court did not discuss the waiver with the defendant); *United States v. Trejo-Nolasquez*, 346 F. App'x 374, 376 (10th Cir. 2009) (same). The fact that the Court did not admonish Movant about the waiver of appellate rights did not render the waiver involuntary and unknowing.

Movant also contends that he waived his appellate rights to avoid a greater sentence. A waiver of rights is not involuntary simply because a defendant seeks to limit the possible sentence. *See Jones v. Estelle*, 584 F.2d 687, 690 (5th Cir. 1978) ("a plea is not involuntary solely because a defendant pleads guilty out of a desire to limit the possible penalty").

Movant's claims should be denied as barred by the appellate waiver, and alternatively, for lack of merit.

## IV. PRIOR CONVICTION - ENHANCEMENT

Movant contends in his first claim that his prior conviction for delivery of a controlled substance in Cause No. F04-50747, for which he received a four-year sentence, was not an aggravated felony and should not have been used to enhance his sentence. (*See* doc. 26-1 at 16.)

Where a defendant's previous removal was subsequent to a conviction for commission of an aggravated felony, the possible punishment for the offense of illegal re-entry is increased. *Argueta-Padilla v. United States*, No. 1:14-cv-129, 2016 WL 5256820 at *4 (S.D. Tex. Aug. 31, 2016).[2] An "aggravated felony" includes a "drug trafficking crime." 8 U.S.C. § 1104(43)(B). A Texas conviction for delivery of a controlled substance is both an aggravated felony under 8 U.S.C. § 1326(b)(2) and a drug trafficking crime under USSG § 2L1.2(b)(1)(A)(i). *United States v. Reyes-Reyes*, 626 F. App'x 280 (5th Cir. 2016) (citing *United States v. Teran-Salas*, 767 F.3d 453 (5th Cir. 2014); *see also United States v. Marban-Calderon*, 631 F.3d 210, 212-13 (5th Cir. 2011) ("a Texas

---

[2] The statutory maximum sentence is increased to twenty years. 8 U.S.C. § 1326(b)(2).

conviction for delivery of a controlled substance–whether by active transfer, by constructive transfer, or by offer to sell–necessarily qualifies as a drug trafficking offense").

Movant has not shown that he was improperly sentenced under 8 U.S.C. § 1326(b)(2) or that his offense level was improperly increased by 16 levels under USSG § 2L1.2(b)(1)(A)(i).

### V. PRIOR CONVICTION - PUNISHMENT

Movant appears to contend in his second claim that his sentence should not have been enhanced with the prior conviction because he has already been punished for that prior offense. To the extent he claims that the enhancement with the prior conviction violated his right to be free from double jeopardy in the form of multiple punishment for the same offense, the use of a prior conviction for enhancement of a sentence does not constitute additional punishment for the prior offense. *United States v. Wallace*, 889 F.2d 580, 584 (5th Cir. 1989). Movant is not entitled to relief on this claim.

### VI. PRIOR CONVICTION - STATUTE OF LIMITATIONS

Movant contends in his fourth claim that the use of the prior conviction for enhancement was barred by the statute of limitations. The five-year statute of limitations under 18 U.S.C. § 3282 to indict for a non-capital offense does not apply to information used to enhance a sentence. *United States v. Simpson*, 796 F.3d 548, 556 (5th Cir. 2015). Movant is not entitled to relief on this claim.

### VII. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

### VIII. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255

should be **DENIED** with prejudice.

      **SO ORDERED** this 7th day of March, 2017.

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE